**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Owners Insurance Company,<br>Plaintiff,<br>v.<br>Catherine Rose Egan Phillips,<br>Defendant. | **C/A No.: 3:26-cv-** 3991-SAL<br><br>**COMPLAINT**<br>**(DECLARATORY JUDGMENT)** |

Owners Insurance Company (hereinafter "Owners"), by and through undersigned counsel, hereby files this Complaint for Declaratory Judgment showing unto the Court the following:

1. This is an insurance coverage declaratory judgment action brought pursuant to 28 U.S.C. §2201 *et seq.* in which Owners seeks an Order declaring that it owes no underinsured (UIM) automobile insurance coverage under the Owners insurance policy issued to Dennis and Pamela Egan (named insureds) Policy #44-157-249-00 (hereinafter "Policy") for the automobile accident that occurred on or about September 12, 2024, in Lexington County, South Carolina involving Catherine Phillips, the named insured's daughter.

2. Owners seeks an Order that additional underinsured (UIM) motorist coverage is properly disclaimed as provided in Exhibit "A", Coverage Position Letter[1] on the following grounds:

a. Catherine Phillips was not occupying a vehicle that was insured under the Owners Policy at the time of the accident;

---

[1] The grounds for the denial of coverage as espoused in Exhibit "A" are incorporated herein by this reference in their entirety.

b. Catherine Phillips was driving a vehicle that she owns, but that is not listed or covered under the subject Owners Policy.

c. Catherine Phillips, although a relative of the named insureds, was not a resident living with the named insureds, Dennis and Pamela Egan, at the time of the accident.

d. Catherine had been removed from the subject Owners policy on August 16, 2024, prior to the accident.

e. The language of the Owners Policy including the definitions, terms and conditions are clear, unambiguous, and comply with the law of South Carolina;

f. Catherine Phillips is not entitled to underinsured (UIM) coverage for bodily injury or property damage for the September 12, 2024 accident, pursuant to the terms of the Owners Policy and South Carolina law because she doesn't qualify as a relative as defined by the Owners Policy which requires that she resides with the named insureds;

g. Owners has articulated a good faith basis for the denial of additional coverage; and

h. Any such further obligations, if any, or relief the Court may deem appropriate.

## THE PARTIES

3. Owners is a corporation organized and existing pursuant to the laws of Michigan and conducts business in Richland County, South Carolina.

4. Catherine Phillips was a resident of Richland County, State of South Carolina and was operating her owned vehicle in Lexington County, State of South Carolina on the date of the accident.

5. Catherine Phillips alleges that her vehicle was struck by a vehicle owned by Bradley James Benac and driven by Thomas D. Goins, who as an employee of Affordable Carolina Tree Service.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars exclusive of costs and interest and because complete diversity of citizenship exists between the parties to this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 121, 1391 and Local Rule 3.01 in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and division.

## FACTS & PROCEDURAL POSTURE

8. The facts contained herein are derived from the investigation by Owners, among other things, and are asserted upon information and belief.

9. On or about September 12, 2024 in Lexington County, South Carolina, Catherine Phillips was operating her owned vehicle while working.

10. She was struck by a vehicle driven by Thomas D. Goins, while he was working for Affordable Carolina Tree Service (hereinafter "ACTS"), which is an unincorporated sole proprietorship.

11. Bradley J. Benac is the owner of Affordable Carolina Tree Service (hereinafter "ACTS"), which is an unincorporated sole proprietorship. Bradley J. Benac was also the titled owner of the vehicle driven by Thomas D. Goins.

12. Thomas D. Goins, as an employee of ACTS, had permission to drive the vehicle.

13. Catherine Phillips made claims against the liability policy of Bradley J. Benac and ACTS alleging negligence regarding the September 12, 2024 automobile accident.

14. Catherine Phillips filed underlying tort lawsuit (2025-CP-40-05956) which is still pending in the South Carolina Court of Common Pleas for Richland County.

15. Catherine Phillips also made an underinsured (UIM) claim seeking coverage from the automobile insurance policy issued by USAA to her (now) husband James Matthew Phillips.

16. Catherine Phillips submitted a second or excess underinsured (UIM) claim to Owners. The 2025-CP-40-05956 pleadings were served on the South Carolina Department of Insurance on November 18, 2025.

17. Catherine Phillips has settled the liability claims against Goins, Benac, and ACTS on Covenants Not to Execute.

18. Catherine Phillips has also settled her underinsured (UIM) claim against USAA where she was deemed to be a Class I insured under that policy.

19. The Owners underinsured (UIM) coverage that is still being sought by Catherine Phillips, is from an Owners insurance policy that was issued to Catherine Phillips's parents (Dennis and Pamela Egan). Exhibit "B" – Owners Insurance Policy and Declarations Pages.

20. The underinsured (UIM) coverage being sought is for bodily injury with limits of $50,000.00; and property damage with limits of $50,000.00. (*See*, Exhibit "B")

21. The dispute forming the basis of this Declaratory Judgment action is as follows:

a. Catherine Phillips asserts that she is entitled to seek underinsured (UIM) coverage under her parents' insurance policy issued by Owners Policy for the bodily injury coverage of $50,000.00 for bodily injury and $50,000.00 for property damage; and

b. Catherine Phillips also asserts that she is entitled to stack the underinsured coverages for an additional One Hundred Thousand and 00/100 ($100,000.00) Dollars

because Dennis M. and Pamela E. Egan had a total of three vehicles on the subject Owners policy (*See*, Exhibit "B").

22. Prior to the filing of this action, there has been no request by either party for a declaratory judgment for determination of coverage and this action follows.

**THE POLICY**

23. Owners issued a Personal Auto Insurance Policy #44-157-249-00 having the above stated underinsured (UIM) motorist coverage (*See*, Exhibit "B").

24. The Policy speaks for itself and is incorporated herein by this reference in its entirety. (*See,* Exhibit "B").

25. Pursuant to the Policy, UIM coverage is provided to an insured who suffers bodily injury or property damage that exceeds the liability limits of the underinsured vehicle. It provides UIM coverage, subject to its limitations, for an insured when they are (1) occupying an automobile covered by Section II – Liability Coverage of the policy; (2) when "not occupying an automobile that is covered by Section II - Liability Coverage of the policy"; and (3) if not occupying any automobile.

26. The aforementioned section of the Owners Policy, as described above, is consistent with the portability doctrine of South Carolina law and provides portable UIM coverage.

27. The Owners Policy defines the usage of "you" and "your" as: "t*he first named insured shown in the Declarations and if an individual, your spouse who resides in the same household*".

28. A relative is defined by the subject Owners Policy as: "*A person who resides with you and who is related to you by blood, marriage or adoption. Relative includes a ward or foster child who resides with you*".

29. Accordingly, Catherine Phillips is not entitled to any underinsured (UIM) coverage, and is likewise not entitled to stack UIM coverage, because she does not qualify as a resident relative of the named insured as defined by the Policy.

30. The Owners Policy Declarations page lists the garaging address of the vehicles owned by Dennis and Pamela Egan as: 424 Dean Hall Lane, Columbia, South Carolina 29229. (*See*, Exhibit “B”).

31. Catherine Phillips does not meet the Owners Policy definition of a “relative” because she did not reside with her parents at 424 Dean Hall Lane, Columbia, South Carolina 29209-1968 at the time of the accident.

32. On August 16, 2024 Catherine Phillips was removed as a rated driver of the three vehicles owned by Dennis and Pamela Egan covered under the Owners Policy. (*See*, Exhibit “B”)

33. At the time of the accident Catherine Phillips was living, upon information and belief, with her (now) husband at a dwelling owned by her (now) husband which is: 161 Dunham Road, Columbia, SC 29209.

34. The September 12, 2024 accident report lists the address of Catherine Phillips as: 161 Dunham Road, Columbia, South Carolina 29209. Exhibit “C” – Accident Report.

35. The September 12, 2024 accident report also lists the owner of the vehicle involved in the accident as James Matthew Phillips, Catherine Phillips’s (now) husband. (*See*, Exhibit “C“).

36. The USAA Policy Declarations page which applies to the vehicle that was involved in the accident (which Catherine Phillips has already collected underinsured (UIM) benefits from) shows the insureds names and address as: James M. Phillips and Catherine Phillips; 161 Dunham Road, Columbia, SC 29209-4364 dated Exhibit “D” – USAA Declarations Page.

37. Taken together Exhibits “A” – “D” and the policy language establish that Catherine

Phillips does not qualify as a relative under the Owners policy because she was not residing in the household of Dennis and Catherine Phillips at the time of the accident.

---

## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201, *et seq.*

---

38. The United States Declaratory Judgment Act provides that this Court has the power to declare the rights, status, and other legal relations whether or not further relief is or could be claimed, 28 U.S.C. §2201(a).

39. Based on the foregoing and Exhibits incorporated herein by this reference, Owners requests the Court issue an Order determining the following:

a. The aforementioned Owners Policy terms are clear and unambiguous;

b. Defendant is not entitled to any underinsured (UIM) coverage under the Owners Policy;

c. Plaintiff properly denied Defendant's claim for underinsured (UIM) coverage;

d. Plaintiff had a reasonable basis for denial of Defendant's claim; and

e. Any such further conclusions that the Court may deem appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Owners respectfully requests that this Court issue an Order consistent with the relief sought herein, further declare the rights and obligations, if any, of the respective parties hereto as this Court deems just and proper and grant all other relief which Owners may be entitled.

Respectfully Submitted,

s/Alyssa Burleson

Alyssa Burleson, Fed. ID. #14518
Douglas E. Leadbitter Fed. ID #9358
LaFave Bagley, LLC
2019 Park Street
Columbia, SC 29202
803.724.5729 (office)
alyssa@lavebagley.com
doug@lafavebagley.com

*Attorneys for Plaintiff*

September 10, 2026